### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | 02-00524 |
| | : | |
| DARRIUS EDWARDS | : | CIVIL ACTION |
| | : | 20-03079 |

**September 21, 2023**                                          **Anita B. Brody, J.**

### MEMORANDUM

On June 12, 2003, Darrius Edwards was convicted of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). ECF No. 60. He was initially sentenced to 240-months imprisonment and later resentenced to 235-months imprisonment. ECF Nos. 99, 123. On June 22, 2020, Edwards petitioned for postconviction relief under 28 U.S.C. § 2255 based on new a new Supreme Court case, *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Pro Se Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. 2255, ECF No. 136 ("*Rehaif* Mot."). On February 15, 2023, before he received a ruling on his motion, Edwards was released from custody. Order as to Darrius Edwards, ECF No. 169.

For the reasons set forth below, I will deny Edwards's § 2255 motion.

### I.       BACKGROUND

On August 27, 2002, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Darrius Edwards with possession of a firearm by a convicted felon under 18 U.S.C § 922(g). On June 10, 2004, I sentenced Edwards to 240-months imprisonment after determining that Edwards's two prior aggravated assault convictions and two prior drug trafficking convictions supported enhancement under the Armed Career Criminals Act. Edwards appealed.

The Third Circuit affirmed the conviction but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Edwards*, 162 F. App'x 186 (3d Cir. 2005).

On May 25, 2006, I resentenced Edwards under the advisory guidelines to 235-months imprisonment. Edwards appealed. On April 16, 2008, the Third Circuit affirmed the order resentencing Edwards. *United States v. Edwards*, 274 F. App'x 194 (3d Cir. 2008).

On June 21, 2019, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Court held that, in prosecutions for possession of a firearm by a convicted felon, the prosecution must prove that the defendant knew he or she was a felon. 139 S. Ct. 2194–95. On June 22, 2020, Edwards filed this § 2255 petition based on *Rehaif*.[1]

On April 7, 2021, Edwards began his term of supervised release. Report and Order of Probation Officer, ECF No. 164. On February 3, 2023, Edwards was detained pending a hearing regarding an alleged violation of supervised release. On February 15, 2023, I sentenced Edwards to time served and ordered his release from custody. Order as to Darrius Edwards, ECF No. 169. No term of supervised release followed. *Id.*

## II.   STANDARD OF REVIEW

Section 2255 empowers a court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "A section 2255 petition is not a substitute for an appeal, nor may it be used to relitigate matters decided adversely on appeal." *Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citation omitted). If a party is entitled to relief under § 2255(a), "the court shall vacate and set the

---

[1] In his petition, Edwards requested that I appoint counsel. Though petitioners do not have a right to counsel in habeas proceedings, a court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). When deciding whether to appoint counsel, "as a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002). As discussed below, Edwards's *Rehaif* argument has no arguable merit. As such, I decline to appoint counsel.

judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). A petitioner is entitled to an evidentiary hearing unless the motion, files, and records of the case show conclusively that the petitioner is not entitled to relief.[2] *Id.* Section 2255 is only available to parties "in custody." *Id.*

### III.   DISCUSSION

In light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Edwards moves to vacate his sentence under 18 U.S.C § 922(g) for possession of a firearm by a convicted felon.[3]

### A.   Mootness

Section 2255 is a remedy for criminal defendants in custody, but Darrius Edwards is no longer in custody or on supervised release. Order as to Darrius Edwards, ECF No. 169 ("[T]he defendant is sentenced to TIME SERVED . . . No supervision to follow"). However, the statute simply requires that the petition be *filed* while the defendant is still in custody. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Spencer was incarcerated . . . at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires."); *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993), *superseded on other grounds by rule*, 3d Cir. L.A.R. 31.3 (2022), *as recognized in United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (determining custody status based on filing date of § 2255 petition). Release from custody does not automatically moot a habeas petition. *United States v. Cottman*, 142 F.3d 160, 164 (3d Cir. 1998); *see also Spencer*, 523 U.S. 1, 7 (1998).

---

[2] Edwards is not entitled to an evidentiary hearing because the record conclusively establishes that his claims are not meritorious.
[3] Because petitioner is proceeding pro se, I construe his motion liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Still, the parties must continue to have a personal stake in the outcome of the lawsuit in order to satisfy the case or controversy requirement of Article III, § 2, of the Constitution. *Spencer*, 523 U.S. 1, 7 (citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.*, citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990). However, petitioners challenging the validity of their criminal conviction—and not that of their sentence or supervised release—do not need to make any affirmative showing that their conviction will result in adverse collateral legal consequences. *United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). Courts have been "willing to presume that a wrongful criminal conviction has continuing collateral consequences[,]" even if those consequences are "remote and unlikely to occur[.]" *Spencer*, 523 U.S. 1, 7, citing *Sibron v. New York*, 392 U.S. 40, 55–56 (1968); *Jackson*, 523 F.3d at 241 ("[E]ven though his imprisonment is completed, the defendant need not show that collateral consequences exist because of this presumption."). Edwards challenges the validity of his conviction itself, so he benefits from this presumption. He does not need to make any additional showing to demonstrate that his petition presents a live "case or controversy."

Edwards was in custody when he filed this petition, and he petitions to vacate his conviction itself. Therefore, his petition is not moot, and the Court has jurisdiction under 28 U.S.C. § 2255.

**B.** *Rehaif* **Argument**

18 U.S.C § 922(g) prohibits felons—people "who ha[ve] been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year"— from possessing a firearm. 18 U.S.C § 922(g)(1). Section 924(a)(2) provides penalties for anyone who "*knowingly* violates . . . [§ 922(g)]." *Id.* § 924(a)(2) (emphasis added).

4

In *Rehaif*, the Supreme Court considered whether the word "knowingly" in § 924(a)(2) "mean[t] that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon[)]." *Rehaif*, 139 S. Ct. 2194. Stated otherwise, in prosecutions under § 922(g)(1) and § 924(a)(2), must the Government prove that the defendant knew he was a felon? *See id.* The Supreme Court answered yes. *Id.* at 2194-95. As the Court explained,

> If the provisions before us were construed to require no knowledge of status, they might well apply . . . to a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is "punishable by imprisonment for a term exceeding one year."

*Id.* at 2198. The Court emphasized, however, that the statute does not require the Government to prove that the defendant knew that it was illegal for him to possess a firearm because of his felon status—that is, knowledge of illegality. *Id.* at 2205.

Relying on *Rehaif*, Edwards filed a § 2255 motion[4] that, construed liberally, argues that his sentence must be vacated because the Government did not prove that he knew he was a felon. I will deny Edwards's motion because he has procedurally defaulted his claim.

If a petitioner fails to raise a claim on direct appeal, the claim is procedurally defaulted, and the petitioner may not raise the claim in a §2255 motion. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009). On direct appeal,

---

[4] The Government concedes that Edwards's *Rehaif* motion is "timely" and "permissibl[e.]" Gov't's Resp. in Opp'n to Def.'s Mot. Under 28 U.S.C. § 2255, at 2, ECF No. 138 ("Gov't Resp."). The statute of limitations for § 2255 petitions may be waived because it is procedural rather than jurisdictional. *United States v. Bendolph*, 409 F.3d 155, 164 (3d Cir. 2005). The Government has waived the statute of limitations issue, so I do not address whether the petition is timely.

Edwards did not argue that the Government did not prove that he knew he was a felon. Appellant's Brief, No. 04-2685 (Oct. 8, 2004); Appellant's Brief, No. 06-2924 (May 29, 2007). As such, Edwards has procedurally defaulted this claim.

A court may nonetheless consider a procedurally defaulted claim if the petitioner can show (A) cause and prejudice or (B) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). I will address each in turn.[5]

### 1.  Cause and Prejudice

Edwards cannot show cause and prejudice. A court may consider a procedurally defaulted claim if the petitioner shows "cause" for the default and "actual prejudice" resulting from the alleged error. *Frady*, 456 U.S. at 167-68.

To establish cause, the petitioner must "show that some objective factor external to the defense impeded counsel's efforts' to raise the claim."  *Essig*, 10 F.3d at 979 (internal quotation marks omitted). In *Reed v. Ross*, the Supreme Court held that cause may exist where a "claim is so novel that its legal basis is not reasonably available to counsel," such as when the Supreme Court "[overturns] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved."[6] 468 U.S. 1, 16, 17 (1984). Later, in *Bousley v. United States*, the Court held that a claim is available to counsel if the claim is merely "futile" because it was "unacceptable to [a] particular court at that particular

---

[5] I do not read Edwards's petition to argue that ineffective assistance of counsel excuses the default, though the Government addresses this argument in its response. Ineffective assistance of counsel does not excuse the default. Prior to *Rehaif*, the Third Circuit did not require the Government to prove that the defendant knew he was a felon. *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). Counsel is not ineffective for failing to raise an argument that is meritless under then-existing precedent. *Parrish v. Fulcomer*, 150 F.3d 326, 328 (3d Cir. 1998). Nor is counsel ineffective for "failing to predict a change in the law." *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015).

[6] *Reed v. Ross* addressed whether novel constitutional claims could constitute cause, but the same rationale applies to statutory arguments. *Bateman v. United States*, 875 F.2d 1304, 1307 n.5 (7th Cir. 1989).

time." 523 U.S. at 622-23. As such, a claim is available to counsel if "the Federal Reporters were replete with cases involving [similar] challenges." *Id.*

Courts disagree about whether *Rehaif*-like claims were "reasonably available to counsel" such that cause does not exist for counsel's prior failure to raise the claim. *Compare, e.g.*, *United States v. Battle*, No 16-017, 2020 WL 4925678, at *14-15 (holding that petitioner failed to show cause because *Rehaif*-like claims were reasonably available); *United States v. Duell*, No. 15-87, 2021 WL 858445, at *4 (W.D. Pa. 2021) (same), *with United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *7 (E.D. Pa. Nov. 13, 2020) (suggesting, without deciding, that *Rehaif*-like claims were not reasonably available). But I do not need to decide the issue here because, even if Edwards could show cause, he cannot show prejudice.

To establish prejudice, the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. To establish prejudice from a violation of federal law, the petitioner must show a "reasonable probability that, but for [the] errors, the result of the proceeding would have been different." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017).

Edwards cannot establish prejudice because it is clear from the record that he knew he had been convicted of a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C § 922(g)(1). Prior to Edwards's arrest for possession of a firearm by a convicted felon under 18 U.S.C § 922(g), he had already been convicted of multiple crimes for which he was sentenced to

terms of imprisonment exceeding one year.[7] PSR ¶¶ 33, 37.[8] In fact, on at least two occasions, Edwards was actually imprisoned for periods exceeding a year. PSR ¶¶ 33, 37. As such, Edwards clearly knew that he was an individual who had been a "convicted . . . of a crime punishable by imprisonment for a term exceeding one year[.]"[9] Thus, Edwards has not shown a "reasonable probability that . . . the result of the proceeding would have been different" had the Government been required to prove Edwards knew that he had been convicted of a felony. *Lee*, 137 S. Ct. at 1964. Edwards has failed to show actual prejudice.[10]

As such, Edwards's procedural default is not excused based on cause and prejudice.

### 2. Actual Innocence

Edwards has also failed to show actual innocence. A court may consider a procedurally defaulted claim if the petitioner establishes actual innocence. *Bousley*, 523 U.S. at 622. To establish actual innocence, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." *Id.* Construed liberally, Edwards's petition argues that he was actually innocent because he did not know he had a felony conviction. Edwards cannot

---

[7] In 1991, Edwards was convicted of aggravated assault and sentenced to 11 ½ to 23 months' imprisonment. In 1993, he was sentenced to 4 to 24 months' imprisonment after pleading guilty to theft by receiving stolen property. Later in 1993, he was sentenced to 15 to 30 months' imprisonment after pleading guilty to drug-related charges. In 1996, he was sentenced to 11 ½ to 23 months' imprisonment after pleading guilty to aggravated assault. In 1999, he was sentenced to 18 to 36 months' imprisonment after pleading guilty to drug-related charges.

[8] In evaluating *Rehaif* claims, courts have generally relied on presentence reports in establishing the petitioner's prior convictions, and the likelihood that the petitioner would have been aware of their felon status. *See, e.g., United States v. Rodriguez*, 2021 WL 601510, at *9 (E.D. Pa. Feb. 16, 2021) (citing to presentence report to establish petitioner's conviction for offenses punishable by terms of imprisonment exceeding one year); *United States v. McLean*, 2020 WL 738498, at *2 (E.D. Pa. Dec. 16. 2020) (same); *United States v. Mooty*, 2020 WL 7246910, at *3 (E.D. Pa. Dec. 9, 2020) (same).

[9] *See United States v. Bryant*, 976 F.3d 165, 175 (2d Cir. 2020) ("[D]efendants who went to prison for over one year would obviously be aware that the crime was punishable by more than one year in jail (and are not likely to have forgotten) . . . ."); *cf. Rehaif*, 139 S. Ct. at 2198 (expressing concern about people who might be unaware of their felon status because they were sentenced to probation and did not know that the crime they were convicted of was "punishable by imprisonment for a term exceeding one year").

[10] *See, e.g., United States v. Whitaker*, No. 14-393, 2020 WL 7480396, at *4 (E.D. Pa. Dec. 18, 2020) (petitioner cannot show prejudice when the record establishes that the petitioner was actually imprisoned for more than a year); *United States v. Evans*, No. 12-616-09, 2020 WL 6489013, at *3 (E.D. Pa. Nov. 4, 2020) (same); *see also Roberts*, 2020 WL 6700918, at *4 (collecting cases).

establish actual innocence for the same reasons that he cannot establish prejudice. Because Edwards was sentenced multiple times to terms of imprisonment exceeding a year and was actually imprisoned for over a year on multiple occasions, no reasonable juror could find that Edwards did not know the nature of his prior convictions. As such, Edwards's procedural default cannot be excused based on actual innocence.[11]

In conclusion, Edwards's procedural default is unexcused.

## IV.   CONCLUSION

For the reasons set forth above, I will deny Edwards's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. There is no basis to issue a certificate of appealability.[12]

```
        s/ANITA B. BRODY, J.
        ANITA B. BRODY, J.
```

---

[11] *See, e.g.*, *Whitaker*, 2020 WL 7480396, at *5 (petitioner cannot show actual innocence when the record establishes that the petitioner was actually imprisoned for more than a year); *Roberts*, 2020 WL 6700918, at *5 (same); *Evans*, 2020 WL 6489013, at *3 (same).

[12] A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Edwards has not done so here.